UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

2004 JUN 10  P 12 24

IN RE PARCEL TANKER ANTITRUST LITIGATION

Master Docket No.
03-CIV-348 (AVC)
MDL No. 1568
HARTFORD, CT.

THIS DOCUMENT RELATES TO:  All Actions

## AMENDED PRETRIAL ORDER NO. 1

Plaintiffs JLM Industries, Inc., Illovo Sugar Limited, GFI Chemicals, LLP, GFI Sweden

AB, Basic Chemical Solutions, Inc., KP Chemical Corporation, Tulstar Products, Inc., and

Nizhnekamskneftekhim USA, Inc. have filed complaints in the above-referenced action (the

"Direct Class Plaintiff Actions") on behalf of themselves and other similarly situated direct

purchasers of ocean shipping services for the transportation of liquid chemicals and other

specialty chemicals via parcel tankers alleging violations of the antitrust laws by Defendants (the

"Parcel Tanker Antitrust Litigation").

Plaintiff, Fleurchem, Inc., has filed a similar complaint in the Parcel Tanker Antitrust

Litigation on behalf of itself and other similarly situated indirect purchasers (the "Indirect Class

Plaintiff Action").

Plaintiffs Dow Chemical Co., and Union Carbide Co., have individually filed complaints

in the Parcel Tanker Antitrust Litigation ("Individual Plaintiff Actions").

**WHEREAS** additional actions have been filed by similarly situated direct and indirect

purchasers of ocean shipping services for the transportation of liquid chemicals and other

specialty chemicals via parcel tankers for alleged violations of the antitrust laws since Pretrial

Order No. 1 was entered on or about August 18, 2003;

**WHEREAS** similar individual antitrust actions were commenced by Dow Chemical Co., and Union Carbide Co., since Pretrial Order No. 1 was entered on or about August 18, 2003;

**WHEREAS** a limited need exists to amend Pretrial Order No. 1 to consolidate and coordinate these actions for all pretrial purposes and to incorporate counsel into this case pursuant to the Court's Orders of April 30, 2004.

**NOW, THEREFORE, THE COURT ORDERS** as follows:

A.      Consolidation and Coordination of Related Actions

1.      Any suit now pending or hereafter filed in this Court, or transferred to this Court, which is brought on behalf of a putative class of direct purchasers of parcel tanker services and that arises out of the same operative facts as the Direct Class Plaintiff Actions is hereby consolidated for all pretrial purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure (the "Consolidated Direct Class Plaintiff Actions").

2.      Any suit now pending or hereafter filed in this Court, or transferred to this Court, which is brought on behalf of a putative class of indirect purchasers of parcel tanker services and that arises out of the same operative facts as the Indirect Class Plaintiff Action is hereby consolidated for all pretrial purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure (the "Consolidated Indirect Class Plaintiff Action").

3.      Any suit now pending or hereafter filed in this Court, or transferred to this Court, which is brought on behalf of individual purchasers of parcel tanker services, is not designated as a class action, and that arises out of the same operative facts as the Individual Plaintiff Actions is hereby consolidated for all pretrial purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure (the "Consolidated Individual Actions").

167912-1

4.      The Consolidated Direct Class Plaintiff Actions, the Consolidated Indirect Class Plaintiff Action and the Consolidated Individual Actions shall hereafter be joined solely for the purpose of coordinating pretrial discovery in this action ("Coordinated Actions").

B.      Caption of Cases

5.      Every pleading filed in the Coordinated Actions shall bear the following caption:

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE PARCEL TANKER ANTITRUST LITIGATION | Master Docket No. 03-CIV-348 (AVC) |
| THIS DOCUMENT RELATES TO: | |

6.      When a pleading is intended to be applicable to all actions to which this Order is applicable, the words "All Actions" shall appear immediately after or below the words "This Document Relates To" in the caption set out above.  When a pleading is intended to be applicable only to some, but not all, of such actions, the separate caption and docket number for each action to which the pleading is intended to be applicable shall appear immediately after or below the words "This Document Relates To" in the caption described above.

C.      Master Docket, Master File and Separate Action Dockets

7.      A Master Docket and Master File are hereby established for the Coordinated Actions.

8.      Documents shall bear the caption, as provided in ¶¶ 5 and 6 above, of the actions in which the authors intend the documents to be served and/or filed.  Entries shall be made on the

3

167912-1

dockets, and copies of documents placed in the files, of those actions whose captions appear on the pleading or court paper.

9.    Separate dockets shall be maintained for each of the Coordinated Actions and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order or a future order of this Court.

10.    When a pleading or other court paper is filed and the caption, pursuant to ¶¶ 5 and 6 above, shows that it is to be applicable to "All Actions," the Clerk shall file such pleading or other court paper in the Master File and note such filing in the Master Docket.  No further copies need to be filed or docket entries made.

11.    When a pleading or other court paper is filed and the caption, pursuant to ¶¶ 5 and 6 above, shows that it is applicable to fewer than all actions that are coordinated before this Court, the Clerk need file such pleading or other court paper only in the Master File, but nonetheless shall note such filing in both the Master Docket and in the docket of each such action.

D.    Newly Filed or Transferred Actions

12.    When a case that arises out of the same subject matter of the Coordinated Actions is hereafter filed in this Court or transferred from another court, the Clerk of this Court shall:

    (a)    Make an appropriate entry in the Master Docket;

    (b)    Place a copy of this Order in the separate file for such action; and

    (c)    Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly-filed or transferred case.

13.    This Order shall apply to each case referenced in ¶ 12 unless a party objecting to the consolidation or coordination of such case or to the provisions of this Order shall, within ten (10) days after the date upon which an Order is mailed to counsel for such party, file an

167912-1

application for relief from this provision and this Court deems it appropriate to grant such application.

14.     This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated or coordinated as part of the Coordinated Actions.

E.     Organization of Plaintiffs' Counsel

15.     The Consolidated Direct Class Plaintiff Actions are listed in Schedule A. Schedule A shall be amended to include any action brought on behalf of a putative class of direct purchasers of parcel tanker services from a Defendant which is subsequently filed in or transferred to this Court.

16.     The Court designates the following to act on behalf of all plaintiffs in the Consolidated Direct Class Plaintiff Actions, with responsibilities herein described:

(a)     As Liaison Counsel in the Consolidated Direct Class Plaintiff Actions:

>           Schatz & Nobel, P.C.
>           One Corporate Center
>           20 Church Street, Suite 1700
>           Hartford, Connecticut 06103
>           Telephone:  (860) 493-6292
>           Facsimile:  (860) 493-6290

(b)     As Co-Lead Counsel in the Consolidated Direct Class Plaintiff Actions:

>           Milberg Weiss Bershad & Schulman LLP
>           One Pennsylvania Plaza
>           New York, New York 10119-0165
>           Telephone: (212) 594-5300
>           Facsimile: (212) 868-1229

167912-1

Much Shelist Freed Denenberg
Ament & Rubenstein, P.C.
191 North Wacker Drive
Suite 1800
Chicago, Illinois 60606-1615
Telephone: (312) 521-2000
Facsimile: (312) 521-2100

Cohen Milstein Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005-3964
Telephone:  (202) 408-4600
Facsimile:  (202) 408-4699

Gold Bennett Cera & Sidener LLP
595 Market Street, Suite 2300
San Francisco, California 94105
Telephone: 415-777-2230
Facsimile: 415-777-5189

17.     The Consolidated Indirect Class Plaintiff Action is listed in Schedule B.  Schedule

B shall be amended to include any action brought on behalf of a putative class of indirect

purchasers of parcel tanker services from a Defendant which is subsequently filed in or

transferred to this Court.

18.     The Court designates the following to act on behalf of all Plaintiffs in the

Consolidated Indirect Class Plaintiff Action with responsibilities herein described:

        (a)     As Liaison Counsel in the Consolidated Indirect Class Plaintiff Action:

                James E. Hartley, Jr.
                Gary B. O'Connor
                Drubner, Hartley & O'Connor, L.L.C.
                500 Chase Parkway
                Waterbury, Connecticut 06708
                Telephone:  (203) 753-9291
                Facsimile:  (203) 753-6373

        (b)     As Co-Lead Counsel in the Consolidated Indirect Class Plaintiff Action:

167912-1

James E. Hartley, Jr.
Gary B. O'Connor
Drubner, Hartley & O'Connor, L.L.C.
500 Chase Parkway
Waterbury, Connecticut 06708
Telephone: (203) 753-9291
Facsimile: (203) 753-6373

Joe Whatley
Whatley Drake
2323 2nd Avenue
P.O. Box 10647
Birmingham, Alabama 35202-0647
Telephone: (205) 328-9576
Facsimile: (205) 328 9669

Paul T. Warner
Reich & Binstock
4265 San Felipe Ste. 100
Houston, Texas 77027
Telephone: (713) 622-7271
Facsimile: (713) 623-8724

19.     Co-Lead Counsel in the Consolidated Direct Class Plaintiff Actions and the

Consolidated Indirect Class Plaintiff Action shall be responsible for the overall conduct of the

Parcel Tanker Antitrust Litigation for their respective groups with the following responsibilities,

but only for their respective groups:

(a)     To brief and argue motions and file opposing briefs in proceedings

initiated by other parties;

(b)     To initiate and conduct discovery proceedings;

(c)     To act as spokesperson at pretrial conferences;

(d)     To negotiate with defense counsel with respect to settlement and other

matters;

(e)     To call meetings of plaintiffs' counsel when appropriate;

7

167912-1

(f)     To make all work assignments to plaintiffs' counsel to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort;

(g)     To conduct trial and post-trial proceedings;

(h)     To consult with and employ experts;

(i)     To perform such other duties and undertake such other responsibilities as they deem necessary or desirable;

(j)     To coordinate and communicate with Defendants' counsel with respect to matters addressed in this paragraph; and

(k)     To determine, in good faith, the appropriate allocation among plaintiffs' counsel in their respective groups of legal fees, if any, recovered as a result of the litigation.

The ability of any respective group to unilaterally conduct any of the activities described above may be affected by the Case Management Order (CMO) or other order of the Court. Conduct of the Individual Plaintiff Actions shall be the exclusive responsibility of counsel for the Individual Plaintiffs and the Individual Plaintiffs' Steering Committee, but similarly may be impacted by any CMO or other order of the Court.

20.     The Consolidated Individual Plaintiff actions are listed in Schedule C.  Schedule C shall be amended to include any action brought on behalf of individual plaintiffs who purchased parcel tanker services from a Defendant which action is subsequently filed in or transferred to this Court.

21.     The Court designates the following to act on behalf of all Individual Plaintiffs with responsibilities herein described:

(a)     As Liaison Counsel for the Individual Plaintiffs:

167912-1

Robert G. Oliver
Mulvey Oliver & Gould
83 Trumbull Street
New Haven, Connecticut 06511
Telephone: (203) 624-5111
Facsimile: (203) 789-8371

(b)    As Individual Plaintiffs' Steering Committee:

David Gelfand
Cleary Gottlieb Steen & Hamilton
2000 Pennsylvania Avenue, N.W.
Suite 9000
Washington, District of Columbia 20006-1801
Telephone:  (202) 974-1500
Facsimile:  (202) 974-1999

Nathan P. Eimer
Eimer Stahl Klevorn & Solberg LLP
224 South Michigan Avenue
Suite 1100
Chicago, Illinois 60604
Telephone: (312) 660-7601
Facsimile: (312) 692-1718

22.    Pursuant to any CMO or other court-ordered obligation, Individual Plaintiffs' Steering Committee and Co-Lead Counsel in the Direct and Indirect Class Plaintiff Actions shall coordinate discovery to ensure there is no duplication of effort and to consult on prosecution strategy in order to, *inter alia*, jointly prepare for hearings or presentations to the Court where possible.

23.    No motion shall be initiated or filed on behalf of any Plaintiff in the (a) Consolidated Direct Class Plaintiff Actions except through Co-Lead Counsel for such actions; or (b) Consolidated Indirect Class Plaintiff Action except through Co-Lead Counsel for such actions.

24.    Co-Lead Counsel in the Consolidated Direct Class Plaintiff Actions and the Consolidated Indirect Class Plaintiff Action shall have sole authority to communicate with

9

167912-1

Defendants' counsel and the Court on behalf of all plaintiffs in their respective groups. Defendants' counsel may rely on all agreements made with Co-Lead Counsel in the Consolidated Direct Class Plaintiff Actions and the Consolidated Indirect Class Plaintiff Action respectively and such agreements shall be binding on all the counsel in the respective actions.

25.     Liaison Counsel shall be responsible for administrative matters such as communications between the Court and counsel, including receiving and distributing notices, orders, motions and briefs on behalf of the group.

26.     All Direct and Indirect Class Plaintiffs' counsel shall submit to their respective Plaintiffs' Co-Lead Counsel a record of the time expended to date in the form set forth by such Plaintiffs' Co-Lead Counsel on a monthly basis or on such other schedule as may be established, from time to time, by Plaintiffs' Co-Lead Counsel.

27.     Defendants shall effect service of papers on Plaintiffs by serving a copy of same on the respective Plaintiffs' Co-Lead Counsel and Liaison Counsel.  As to any action in which a Defendant has not received service of the Complaint pursuant to the Federal Rules of Civil Procedures, Plaintiffs shall effect service of papers on such Defendants by serving a copy of same on a Defendant's counsel.

28.     The terms of this Order shall not have the effect of making any person, firm or corporation a party to any action in which he, she or it has not been named, served or added as such, in accordance with the Federal Rules of Civil Procedure.  The terms of this Order and the coordination ordered herein shall not constitute a waiver by any part of any claims in or defenses to any of the actions.

10

167912-1

F.    Admissions Pro Hac Vice

29.    Any attorney representing a Plaintiff or Defendant in this action who is a member in good standing of the bar of the highest court of any state, territory or the District of Columbia who is not a member of the bar of this Court is admitted *pro hac vice* in this action.

IT IS SO ORDERED.

Dated: _____June 14_____, 2004    By: _____
                                          Alfred V. Covello, U.S.D.J.

FILED

2004 JUN 14 P 2: 26

U.S. DISTRICT COURT
HARTFORD, CT.

167912-1                                    11

## SERVICE LIST

I hereby certify that on June 10, 2004, a copy of the foregoing was sent, via first class U.S. mail, postage prepaid, to:

Steven F. Cherry
Joseph J. Samarias
Wilmer, Cutler & Pickering
1600 Tysons Blvd., 10th Floor
McLean, VA  22102
Steven.cherry@wilmerhale.com

Craig A. Raabe
Robinson & Cole
280 Trumbull Street
Hartford, CT  06103-3597
**Counsel for Odfjell ASA and
Odfjell USA, Inc.**

Richard J. Rappaport
Joshua B. Silverman
McGuire Woods, LLP
150 North Michigan Ave., Suite 2500
Chicago, IL  60601
rrappaport@mcguirewoods.com
**Counsel for Jo Tankers, Inc. and
Jo Tankers B.V.**

Donna Nelson Heller
Finn Dixon & Herling
One Landmark Square, Suite 1400
Stamford, CT  06901

Christopher M. Curran
J. Mark Gidley
Peter J. Carney
White & Case LLP
601 Thirteenth Street, N.W.
Washington, D.C.  20005
**Counsel for Stolt-Nielsen** S.A. and
   Stolt-Nielsen Transportation Group Ltd.

Paul S. Hoff
Robert A.W. Boraks
Richard D. Gluck
Garvey Schubert Barer
1000 Potomac Street, N.W., Fifth Floor
Washington, D.C.  20007

Sheila A. Huddleston
Shipman & Goodwin LLP
One American Row
Hartford, CT  06103
860/251-5000
fax:  860/251-5699
shuddleston@goodwin.com
**Counsel for Defendant Tokyo Marine Co. Ltd.**

_Nancy a Kulesa_

Nancy A. Kulesa