**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In Re: Parcel Tanker Shipping : <br> SERVICES ANTITRUST LITIGATION,: | MDL DOCKET NO. 3:03md1568(AVC) |
| THIS DOCUMENT RELATES TO : <br> : <br> Yann Geron, AS CHAPTER 7 : <br> TRUSTEE OF THE ESTATE OF : <br> O.N.E. SHIPPING, INC., : <br>     Plaintiff, : <br> : <br> VS. : <br> : <br> ODFJELL ASA, et al., : <br>     Defendants. : | Civil No. 3:04cv1687(AVC) |

**RULING ON MOTION TO DISMISS**

This a consolidated action alleging violations of the Sherman Antitrust Act, 15 U.S.C. § 1, and violations of state common law and statutory precepts concerning unfair trade practices. The plaintiff and the defendants are in the business of shipping and transporting bulk liquid chemicals via specialized shipping vessels called parcel tankers.[1] The plaintiff alleges that the defendants engaged in a conspiracy to fix the price of international shipments of liquid chemicals, allegedly driving the plaintiff corporation out of business.

On July 5, 2006, the defendants filed the within motion to dismiss, arguing that the plaintiff has no standing, the complaint fails to state a claim upon which relief can be granted

---

[1] The defendants Odfjell Terminals Houston LP and Stolthaven Terminals, Inc., are in the business of storage and distribution of these chemicals.

and the plaintiff's claims are time barred by the applicable state and federal statutes of limitation.  For the reasons that follow, the motion to dismiss is granted in part and denied in part.

**FACTS**

Examination of the complaint and the memoranda supporting and in opposition to the within motion reveals the following: From 1963 until 2002 the plaintiff O.N.E. Shipping (hereinafter "ONE") operated chemical parcel tankers between the United States and Mexico, Central America, South America and the Caribbean. Chemical parcel tankers are described in the complaint as "highly specialized, technologically advanced ships designed for the simultaneous transportation of multiple liquid cargoes." Complaint Definitions, p.4.  ONE was a dominant parcel tanker operator in its region.  The defendants are also in the business of shipping and transporting bulk liquid chemicals via parcel tankers.[2]  The plaintiff alleges that in August 1998, the defendants engaged in a conspiracy to fix the price of international shipments of liquid chemicals in the United States, allegedly driving the plaintiff corporation out of business. Specifically, the complaint alleges as follows:

> the defendants "STOLT-NIELSEN and ODFJELL concluded a clandestine and illegal conspiracy, contract, and combination with the aim of monopolizing the worldwide carriage of Liquid Bulk Products and the Chemical Parcel

---

[2] All except defendants Odfjell Terminals Houston LP and Stolthaven Terminals, Inc.

2

> Tanker Market. This conspiracy provided that (i) Defendants
> ODFJELL and STOLT-NIELSEN would allocate customers and
> contracts of affreightment; (ii) divide markets; (iii)
> adjust and restrict shipping capacity; (iv) rig bids; and
> (v) eliminate competitors.

Complaint, p. 19. The complaint further states that,

> Defendants STOLT-NIELSEN, ODFJELL, JO and TOKYO MARINE (i)
> agreed not to compete with each other in markets in which
> ONE operated; (ii) further agreed to target contract
> customers of ONE and prepare bids for those customers'
> business in a below-cost predatory fashion; (iii) agreed
> that, upon elimination of ONE, Defendants STOLT-NIELSEN,
> ODFJELL, JO and TOKYO MARINE would monopolize and then
> allocate the relevant markets by customer and divide those
> markets geographically; and (iv) to do those other things
> that would drive ONE from its long-established markets and
> eliminate ONE as a competitor.

Complaint, p.20. The complaint alleges that as a result of this conduct, ONE lost customers and experienced a decline in revenue. On January 29, 2002, ONE filed for bankruptcy protection.

The complaint also makes reference to the fact that on September 29, 2003, defendant Odfjell entered a guilty plea to participating, from August 1998 to November 2002, "in an international cartel to allocate customers, rig bids and fix prices on parcel tanker contracts of affreightment for the shipment of Liquid Bulk Products to and from the U.S. and elsewhere." Complaint, ¶ M, p. 27. Odfjell agreed to pay a fine in the amount of $42,500,000. On April 19, 2004, defendant Jo Tankers B.V. entered a guilty plea to the same charge and agreed to pay a fine in the amount of $19.5 million. Id. at p. 28.

## **STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure "merely . . . assess[es] the legal

3

feasibility of the compliant, [it does] not assay the weight of the evidence which might be offered in support thereof." <u>Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc.</u>, 748 F.2d 774, 779 (2d Cir. 1984). When ruling on a motion to dismiss, the court must presume that the well-pleaded facts alleged in the complaint are true and draw all reasonable inferences from those facts in favor of the plaintiff. <u>See</u> <u>Sykes v. James</u>, 13 F.3d 515, 519 (2d Cir. 1993). A court may dismiss a complaint at this stage only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim." <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). The issue at this juncture is not whether the plaintiffs will prevail, but whether they should have the opportunity to prove their claim. <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45 (1957). Finally, "[a]lthough the statute of limitations defense is usually raised in a responsive pleading, the defense may be raised in a motion to dismiss if the running of the statute is apparent from the face of the complaint." <u>Velez v. City of New London</u>, 903 F. Supp. 286, 289 (D. Conn. 1995).

## **DISCUSSION**

### **I. Standing**

The defendants first argue that ONE did not suffer any antitrust injury and, therefore, it does not have standing to bring its claims. Specifically, the defendants argue that their act of raising prices could only help and not harm ONE and,

4

therefore, ONE could not possibly have suffered any injury as a result of the act of raising prices. Further, the defendants state that ONE operated on the Caribbean shipping routes and the defendants, Odfjell, Jo Tankers and Copenhagen operated on the deep sea or intercontinental routes. The defendants state that because ONE did not operate on the deep sea routes it was not harmed with respect to the defendants conduct on those routes. Specifically, the defendants state that because ONE was "neither a consumer nor a competitor" in the deep sea routes, it is not entitled to bring antitrust claims based upon the defendants' conduct on those routes.

ONE responds that restraints on trade are per se unreasonable and that in such a case, there is not a need to prove injury. ONE further states that the Caribbean and non-Caribbean routes were intertwined and that discovery is necessary to determine the level of collusion among the defendants and its effect on their routes and the proportionate market share of the parties.

The plaintiffs do not specifically respond with respect to any claims based upon the defendants' act of raising prices. Because the plaintiff has failed to set forth any potential harm or negative impact on their business resulting from the defendants' act of raising prices, that claim is hereby dismissed.

With respect to the remaining claims regarding the defendants' alleged unlawful lowering of prices and related anticompetitive conduct, the defendants cite <u>Automated Salvage</u>

5

Transp., Inc. v. Wheelabrator Evntl. Sys., Inc., 155 F.3d 59, 79 (2d Cir. 1998). The defendants argue that ONE did not operate tankers on the deep sea routes and, therefore, can not bring a claim based upon conduct on those routes. In Automated Salvage, the second circuit held that "[t]he requirement that the alleged injury [to plaintiff] be related to anti-competitive behavior requires, as a corollary, that the injured party be a participant in the same market as the alleged malefactors." Id. at 79. The complaint in this case, however, contains allegations that the defendants conspired with respect to the entire parcel tanker industry. For instance, the complaint alleges that the defendants,

> have entered into contracts, combinations, or conspiracies in restraint of interstate and international trade or commerce in violation of the Sherman Act, 15 U.S.C. § 1, et. Seq., the Clayton Act, 15 U.S.C. § 15, et. Seq., the General Maritime Laws of the United States and the laws of the State of Louisiana.

Complaint, p.30. It further states that,

> [t]hese unlawful contracts, combinations or conspiracies consist of attempts and agreements to (I) allocate customers and contracts of affreightment; (ii) divide markets; (iii) restrict shipping capacity; (iv) rig bids; (v) eliminate competitors; (vi) conduct predatory pricing; (vii) not compete; and (viii) monopolize the relevant markets.

Id. Although it is not disputed that ONE operated only on routes between the United States and Mexico, Central America, South America and the Caribbean, ONE may, through discovery, establish a sufficient connection between the defendants conduct and ONE's loss of business on its routes. The plaintiff will have the opportunity to establish the interconnectedness of the Caribbean

6

and deep sea routes and the effect of the defendants' actions on ONE and their business. Taking everything in the complaint as true, the court concludes that at this stage of the proceedings, the complaint states facts sufficient to survive this aspect of the within motion on this ground. The complaint contains sufficient allegations, if proven, to support the proposition that ONE was "a participant in the same market as the alleged malefactors." <u>Automated Salvage</u>, 155 F.3d at 79. The motion to dismiss for lack of standing is denied.

**II. <u>Failure to State a Claim</u>**

<u>     </u>**A. Predatory Pricing**

The defendants next argue that the complaint fails to allege the elements of a claim for predatory pricing. Specifically, the defendants state that the complaint fails to allege that the defendants priced "below average variable costs" and had a likelihood of recoupment later on. The plaintiff responds that there is not a technical requirement that the complaint specifically state the terms to which the defendants make reference. Further, the plaintiff states that there is no way for the complaint to be more specific with respect to pricing until the parties have had the opportunity to complete discovery on this issue.

In <u>Weyerhaeuser Co. v. Ross-Simmons Hard-Wood Lumber, Co.</u>, No. 05-381, 549 U.S. __(2007), the United States Supreme Court noted that "[p]redatory pricing requires a firm to suffer certain

losses in the short term on the chance of reaping supra competitive profits in the future." Slip op. at 10 (citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986)). The Court has "established two prerequisites to recovery on claims of predatory pricing. 'First, a plaintiff seeking to establish competitive injury resulting from a rival's low prices must prove that the prices complained of are below an appropriate measure of its rival's costs.' Second, a plaintiff must demonstrate that 'the competitor had . . . a dangerous probabilit[y] of recouping its investment in below-cost prices.'" Id. at 5 (quoting Brooke Group Ltd. v. Brown & Williamson Tobacco Corp., 509 U.S. 209, 222 (1993) (applying the predatory pricing test in Brooke Group to predatory bidding). The plaintiff has a heavy burden to prove these elements at the summary judgement stage. However, the plaintiff is not required, at this stage of the pleadings, to plead the specific terms of predatory pricing in the complaint. Although the court applies an exacting standard with respect to proof of the elements of a predatory pricing claim, there is no explicit requirement that certain terminology be included in the complaint. The court concludes, therefore, that the allegations of the complaint are sufficient, at this stage of the proceedings, with respect to the claim for predatory pricing.

### B. Odfjell, Jo Tankers & Copenhagen Tankers Participation

The defendants next argue that the complaint fails to allege

8

that the defendants, Odfjell, Jo Tankers and Copenhagen Tankers, were part of a conspiracy on the Caribbean routes. Specifically, the defendants state that the complaint contains only conclusory statements and does not contain facts to support those statements. Further, the defendants state that the complaint contains no statement as to Odfjell's, Jo Tanker's and Copenhagen Tanker's participation. The plaintiff responds that the complaint contains sufficient allegations concerning these defendants' involvement in the alleged conspiracy. Specifically, the plaintiff refers to paragraph L of the complaint, which states, in relevant part, as follows:

> Beginning in 1998 and continuing until as late as November of 2002, Defendants Odfjell, Stolt-Nielsen, Jo Tankers, and Copenhagen agreed among themselves not to compete against the others, to divide markets, to allocate customers, to rig bids in respect of Liquid Bulk Chemicals and Products exported from the United States to Mexico, South America, Central America and the Caribbean, and to monopolize those markets. . . . Defendants Odfjell, Jo, Stolt-Nielsen, and Copenhagen particularly targeted customers and markets of ONE and conspired among themselves to suppress and eliminate competition.

Complaint, paragraph L, ¶. 25-26. The plaintiff further states that the discovery process will confirm the fact that these defendants had a greater presence in the Caribbean during the alleged conspiracy due to their targeting of ONE's customers through below-cost pricing.

The court concludes that, at this stage of the proceedings, the complaint contains sufficient allegations with respect to the

9

defendants Odfjell, Jo Tankers and Copenhagen Tankers, to survive the within motion to dismiss. Therefore, the defendants' motion to dismiss as to these defendants is denied.

**C. Odfjell Terminals and Stolthaven Terminals**

The defendants next argue that the claims against Odfjell Terminals and Stolthaven Terminals (hereinafter "terminal defendants") should be dismissed because these defendants are terminal service providers and are not in the business of shipping bulk liquid chemicals. Odfjell Terminals and Stolthaven Terminals are in the business of storage and distribution of chemicals and not shipping. The defendants state that the complaint contains no allegations that these terminal defendants engaged in predatory pricing. The defendants further state that the terminal defendants did not operate parcel tankers and, therefore, they were not involved in the alleged parcel tanker conspiracy in this case. Finally, the defendants argue that the antitrust laws do not apply to terminal facilities pursuant to 46 U.S.C. section 1706(a)(5).

The plaintiff responds that although ONE was not involved in the terminal storage market, "Defendants prices for submitting bids and determining costs are certainly based on the costs associated with their terminal facilities and these costs will be relevant to a determination of whether Defendants prices on the Caribbean routes were in violation of the antitrust laws." The

plaintiff further states that further discovery is necessary in order to determine the terminal defendants' role in the alleged conspiracy.

There are no allegations in the complaint with respect to the specific conduct of the terminal defendants in furtherance of the alleged conspiracy. In addition, 46 U.S.C. section 1706(a)(5), provides, in relevant part, as follows:

> The antitrust laws do not apply to-
>     (5) any agreement or activity to provide or furnish wharfage, dock, warehouse, or other terminal facilities outside the United States . . . .

46 U.S.C. § 1705(a)(5). As a result, any claim as to improper conduct with respect to the terminal defendants' provision of terminal facilities falls outside the provisions of the antitrust laws.

The court concludes that the complaint in this case fails to allege specific conduct with respect to the terminal defendants that would support their liability for the conspiracy alleged in this case. These defendants are not in the business of shipping bulk liquid chemicals and do not operate parcel tankers; conduct that forms the basis of the plaintiff's conspiracy claims. Further, according to section 1705(a)(5), the antitrust laws do not apply to the terminal defendants' provision of terminal facilities. Accordingly, the motion to dismiss the claims against the terminal defendants is granted.

**III. Statute of Limitations**

**A. Sherman Act**

The defendants next argue that the plaintiff's antitrust claims, brought pursuant to the Sherman Act, are time barred and should, therefore, be dismissed. Specifically, the defendants state that the complaint was filed on June 23, 2004, outside the applicable four year limitations period which began to run between early 1999 and the spring of 2000, the dates of the defendants' alleged conduct. The defendants further state that although the complaint alleges fraudulent concealment, which would toll the applicable limitations period, the plaintiff has failed to allege the elements of fraudulent concealment and, specifically, their due diligence in discovering the claims in this case.

The plaintiff responds that their claims did not accrue until 2002. The plaintiff cites paragraph L, page 25, of the complaint which refers to the defendants' conduct as "continuing until as late as November of 2002." The plaintiff also cites the criminal prosecution of Odfjell, Jo Tankers and Stolt-Nielsen, which involved conduct between August 1998 and November 2002. The plaintiff states that on the face of the complaint, its claims are within the applicable limitations period and, therefore, there is no reason, at this stage of the proceedings, to address the fact-intensive fraudulent concealment issue.

In their reply, the defendants state that the complaint does

not set forth any acts in furtherance of the alleged conspiracy after the spring of 2000. The defendants further state that ONE was aware of its claim in 1999.

The complaint in this case was filed on June 23, 2004. Pursuant to 15 U.S.C. section 15b, the applicable limitations period is four years. 15 U.S.C. § 15b. Paragraph L of the complaint, states, in relevant part, as follows:

> "Beginning in 1998 and continuing until as late as November of 2002, Defendants Odfjell, Stolt-Nielsen, Jo Tankers, and Copenhagen agreed among themselves not to compete against the others, to divide markets, to allocate customers, to rig bids in respect of Liquid Bulk Chemicals and Products exported from the United States to Mexico, South America, Central America and the Caribbean, and to monopolize those markets.

Complaint, paragraph L, page 25.

The second circuit has recognized that in the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999). In this case, the complaint alleges conduct within the applicable limitations period. Although there is some question with respect to conduct outside the applicable limitations period and the presence of fraudulent concealment, the court need not address that question at this stage of the proceedings.

**B. State Claims**

The defendants also argue that the plaintiff failed to bring its state law claims for violation of the Louisiana Unfair

13

Business Practices Act, La. Rev. S. § 51:1401, et. seq., within the applicable one year limitations period. La. Rev. S. § 51:1409. The plaintiff concedes that its state law claims are untimely. Accordingly, the defendants' motion to dismiss the claims brought pursuant to the Louisiana Unfair Trade Practices Act is granted.

## **CONCLUSION**

For the foregoing reasons, the defendant's motion to dismiss (**document no. 218**) is GRANTED IN PART AND DENIED IN PART.

It is so ordered this 4th day of May, 2007 at Hartford, Connecticut.

                                            /s/
                              Alfred V. Covello,
                              United States District Judge